UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. FOSS, | No. 2:15-cv-0686 TLN DB |
| Plaintiff, | |
| v. | ORDER |
| TODD ROWEN, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Defendant moved to dismiss this action for failure to state a claim for which relief can be granted. (ECF No. 15.) Plaintiff did not file a response to defendant's motion, but, instead, filed a "MOTION FOR MORE DEFINITE STATEMENT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(e)." (ECF No. 17.) Defendant construed plaintiff's motion as a response to the motion to dismiss and filed a reply memorandum in support of the dismissal motion. (ECF No. 18.) Plaintiff rejected defendant's interpretation and affirmed that he meant to file a motion pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 20.) For the reasons outlined below, the court denies plaintiff's motion for a more definite statement and orders plaintiff to file a response to the dismissal motion within twenty-one days of this order.

////

1

1  Plaintiff's motion fails to comport with the requirements of Federal Rule 12(e). The scope
2  of Rule 12(e) is limited to motions seeking clarification of the meaning of a **pleading**. Indeed,
3  the rule specifically provides that "[a] party may move for a more definite statement of a
4  **pleading** to which a responsive pleading is allowed but which is so vague or ambiguous that the
5  party cannot reasonably prepare a response." (Emphasis added.) Plaintiff's motion seeks a more
6  definite statement of defendant's motion to dismiss, which is not a pleading. Accordingly, Rule
7  12(e) is inapplicable in this context and plaintiff's motion must be denied.

8  Additionally, interpreting the pro se plaintiff's filings liberally, the court could construe
9  the motion as a motion to strike or as an objection to defendant's request to take judicial notice.
10 In essence, plaintiff is attempting to strike the court records from a previous lawsuit that
11 defendant attached to his motion. However, even as a motion to strike or an objection to the
12 request to take judicial notice, plaintiff's motion still fails.

13 Pursuant to Federal Rule of Evidence 201, defendant requested the court take judicial
14 notice of several documents from a 2008 lawsuit filed by plaintiff against the U.S. Marshal's
15 Service and other defendants in the Eastern District of California. (ECF No. 15-1.) The
16 documents consist of the complaint, attachments to the complaint, and the Ninth Circuit's opinion
17 on the appeal in that case. (ECF No. 15-2.) Plaintiff objects to defendant attaching these
18 documents to the dismissal motion and referencing information gleaned from the documents in
19 the motion. (ECF No. 17.)

20 Specifically, plaintiff asks that the court strike the motion and attachments for raising
21 matters outside the four corners of the complaint. As a general rule, "a district court may not
22 consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Branch v.
23 Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (citation omitted). However, a court may take judicial
24 notice of "matters of public record" pursuant to Federal Rule of Evidence 201 without converting
25 a motion to dismiss into a motion for summary judgment. MGIC Indem. Corp. v. Weisman, 803
26 F.2d 500, 504 (9th Cir. 1986); see also Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th
27 Cir. 2001). But a court may not take judicial notice of a fact that is "subject to reasonable
28 dispute." Fed. R. Evid. 201(b).

Plaintiff's contention that the extraneous documents must be stricken is without legal support. As found above, Federal Rule 12(e) is inapplicable. Furthermore, Federal Rule 12(f) ("Motion to Strike") also does not apply because the documents plaintiff is attempting to strike are not part of the pleadings. See Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 974–75 (9th Cir. 2010) (Rule 12(f) is limited to striking from a pleading only those specific matters which are provided for in the rule). "The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. Instead, trial courts make use of their inherent power to control their dockets, Anthony v. BTR Auto. Sealing Sys., 339 F.3d 506, 516 (6th Cir. 2003), when determining whether to strike documents or portions of documents," Zep Inc. v. Midwest Motor Supply Co., 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010). See also Franklin v. U.S., No. 1:10–cv–00142–LJO–MJS, 2012 WL 5954016, *1 (E.D. Cal. Nov. 28, 2012).

In this instance, the court takes judicial notice of the extrinsic documents filed by defendant and overrules plaintiff's objections. While plaintiff correctly points to the limits on the court as far as its use of these documents once they have already been noticed, plaintiff does not provide grounds for the extraordinary remedy of striking them from the record. The court may take judicial notice of the documents "'not for the truth of the facts recited therein, but for the existence of the [documents], which [are] not subject to reasonable dispute over [their] authenticity.'" Lee, 250 F.3d at 690 (quoting Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3rd Cir. 1999)). So, as far as acknowledging the fact that these documents exist, the fact that plaintiff filed this previous lawsuit, the fact that plaintiff made certain allegations in the previous lawsuit, and the fact that the Ninth Circuit ruled a certain way in the previous lawsuit, the court takes judicial notice of the documents.

Furthermore, a review of the noticed documents finds that they are not particularly relevant to the substance of defendant's motion to dismiss, which actually relies upon the face of the complaint to establish the accrual date for the statute of limitations argument. So, without making any findings concerning the substance of defendant's motion to dismiss, the court takes judicial notice of the documents attached to the dismissal motion.

Therefore, it is hereby ORDERED that plaintiff's motion for a more definite statement (ECF No. 17) is denied and plaintiff shall file a response to defendant's motion to dismiss within twenty-one days of this order.  Plaintiff is warned that his failure to file a timely opposition may result in dismissal of this case.  <u>See</u> E.D. Cal. R. 230(l) (failure to file an opposition to a motion may be deemed a waiver of any opposition).

Dated:  October 5, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:10
DLB1 / Prisoner - Civil Rights / foss0686.12(e)motion