1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    RAYMOND CHRISTIAN FOSS,                    No.  2:15-cv-00686-TLN-DB

12              Plaintiff,

13         v.                                     **ORDER DENYING PLAINTIFF'S**
                                                  **REQUEST FOR RECONSIDERATION**
14    TODD ROWEN,

15              Defendant.

16

17         Plaintiff Raymond Foss ("Plaintiff"), proceeding pro se, filed the instant action against

18    Todd Rowen on March 26, 2015.  (Compl., ECF No. 1.)  On January 22, 2016, Defendant Todd

19    Rowen ("Defendant") filed a Motion to Dismiss.  (ECF No. 15.)  In response to Defendant's

20    motion, Plaintiff filed a Motion for a More Definite Statement on February 12, 2016, requesting

21    Defendant state the accrual date of the action.  (ECF No. 17.)  Plaintiff also asked the Magistrate

22    Judge to strike documents the Defendant had requested the court judicially notice.  Defendant

23    construed Plaintiff's motion as an opposition to Defendant's motion to dismiss and filed a reply

24    brief on February 26, 2016.  (ECF No. 18.)  However, on March 4, 2016, Plaintiff filed a response

25    to Defendant's reply explaining that his filing was a separate motion and not an opposition.  (ECF

26    No. 20.)  Magistrate Judge Deborah Barnes issued an order on October 6, 2016, denying

27    Plaintiff's motion for a more definite statement and request to strike the judicially noticed

28    documents.  (ECF No. 20.)  Plaintiff has filed a Motion for Reconsideration.  (ECF No. 22.)

1

Federal Rule of Civil Procedure 60(b) ("Rule 60") states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Therefore, for relief to be afforded, Plaintiff must meet one of Rule 60(b)'s criteria for relief.

Plaintiff does not argue in his moving papers that he meets the requirements under Rule 60(b). Instead, Plaintiff focuses on the arguments he raised in his motion before Magistrate Judge Barnes and asserts why Magistrate Judge Barnes was wrong in her analysis of the law. Nothing in Plaintiff's arguments could be construed as asserting newly discovered evidence, fraud, a void judgment, or that the judgment has been satisfied. Thus, the Court examines whether Plaintiff meets the requirements of mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1), or any other reason that justifies relief under Rule 60(b)(6).

When a motion for reconsideration is construed as a Rule 60(b)(1) motion, the party must show that the court committed a specific error. *Saldano v. U.S. Postal Services*, No. 90-56156, 1992 WL 158180, at *2 (9th Cir. July 9, 1992). Plaintiff does not make any allegations or show proof of any specific error or mistake. Plaintiff simply disagrees with the Magistrate Judge's findings of law. Thus, Plaintiff is not entitled to relief under Rule 60(b)(1).

Turning to Rule 60(b)(6), Plaintiff must show that "extraordinary circumstances" exist to justify relief from judgment. *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). As noted

2

above, Plaintiff seeks relief because he disagrees with the Magistrate Judge's findings of law.
However, the magistrate's ruling that a Motion to Dismiss is not a "pleading" under Rule 12(e)
such that a motion for more definite statement is inappropriate is a settled rule of law.
Additionally, the magistrate's conclusion that Rule 12(f) does not permit striking accompanying
documents is also well settled.  Therefore, Plaintiff cannot demonstrate an extraordinary
circumstance that would warrant relief from judgment under Rule 60(b)(6).

      Plaintiff has not met his burden and cannot be afforded relief under Rule 60(b).  As such,
Plaintiff's motion (ECF No. 23) is DENIED.

      IT IS SO ORDERED.

Dated: November 2, 2016

 

Troy L. Nunley
United States District Judge