Raymond C. Foss
C/O Julia Foss
P.O. Box 3192
Rancho Cordova, CA 95741
Juliafoss11@gmail.com
In Pro Se



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHRISTIAN FOSS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Todd Rowen,<br><br>　　　　Defendant. | No. 2:15-CV-0686 TLN DB<br><br>MOTION FOR LEAVE OF COURT TO FILE SUR-REPLY |

\*　　　　　\*　　　　　\*

　　Plaintiff, Raymond Foss, respectfully submits this Motion for Leave of Court to File a Sur-Reply to Defendant Rowen's Reply to my Opposition to his Motion to Dismiss. For the reasons that follow, Plaintiff Foss asks that the Court not consider new arguments and defenses Defendant Rowen raised for the first time in his Reply Brief, otherwise, this Court must allow Plaintiff Foss an opportunity to respond.

\*　　　　　\*　　　　　\*

1

### *Defendant Raises New Issues for the First Time in his Reply Brief*

In his Reply Brief, Defendant Rowen raises arguments and defenses for the first time that were not raised in his Motion to Dismiss. Defendant Rowen confesses that he "had not realized that plaintiff's claims for relief were meant to include one based on a warrantless arrest." Defendant Rowen though goes on to blame Plaintiff Foss for this oversight stating that "His opposition focuses on a different claim, that he was arrested without a warrant." Here the fault lies with the Defendant- no fault can be attributed to Plaintiff Foss for Defendant Rowen's mistake- the fact that Plaintiff Foss was arrested without warrant is *clearly* stated on the face of his Complaint.

Furthermore, Defendant Rowen has gone beyond his original statute of limitations argument to now assert the doctrine of Claim Preclusion, the "Heck" bar, while arguing newly raised cases and legal theories as to why Plaintiff Foss's claims should not be tolled while on habeas and alleging numerous different so- called accrual dates. Finally, Defendant Rowen attempts to dispute Plaintiff Foss's facts of his Claim by arguing in footnotes why he should not be held liable for his actions.

Plaintiff Foss requests that the Court not consider these arguments. Defendant Rowen had ample opportunity to raise these arguments in his Motion to Dismiss, but failed to. "Parties should not raise new issues for the first time in their reply briefs." *Pac. Rollforming, LLC v. Trakloc N. Am.*, LLC, 2010 U.S. Dist. LEXIS 60756 (S.D. Cal. June 17, 2010). See also *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief."); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").

If the Court decides that it will consider the issues raised for the first time in Defendant Rowen's reply Brief, Plaintiff Foss requests this Court grant him an opportunity to to respond.

When a court does exercise its discretion and chooses to rely on materials raised for the first time in a reply brief, the opposing party must be afforded a reasonable opportunity to respond. A District Court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, (E.D. Cal. Nov 8, 2005.) A sur-reply is appropriate when a party raises new issues or new evidence in a reply brief. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1980).

Finally, Plaintiff Foss again asks that he be appointed counsel and a hearing held in this matter prior to any final determination being made by this Court.

Respectfully submitted,

Dated: December 7, 2016

*/s/ Raymond C. Foss*

Raymond C. Foss

Plaintiff, In *pro se*

## CERTIFICATE OF SERVICE

Case No: 2:15-cv-0686-TLN-DB

I declare that I am a citizen of the United States, am over 18 years of age and am not a party to this action. I currently reside in Sacramento, Ca and my mailing address is P.O. Box 3192 Rancho Cordova, Ca 95741.

On December 8, 2016, I served the attached MOTION FOR LEAVE OF COURT TO FILE SUR-REPLY on the following parties by placing true and correct copies thereof, enclosed in a sealed envelope. with postage thereon fully paid, in the United States Mail Box at Rancho Cordova, Ca. The envelope was addressed as follows:

GARY BRICKWOOD
BRICKWOOD LAW OFFICE
1135 Pine St., Suite 210
Redding, CA 96001

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 8th day of December, 2016.

Julia M. Foss

7