UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. FOSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TODD ROWEN,<br><br>　　　　Defendant. | No.  2:15-cv-0686 TLN DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. On January 22, 2016, defendant moved to dismiss the complaint on the grounds that it is untimely. Plaintiff opposes the motion. In his reply, defendant raises arguments not raised in his opening brief on the motion. Plaintiff now seeks an opportunity to file a sur-reply. In addition, plaintiff renews the request for appointment of counsel made along with his opposition to the motion to dismiss.

**Motion to File Sur-reply**

The filing of a sur-reply is not authorized by the Local Rules or by the Federal Rules of Civil Procedure. However, a sur-reply may be appropriate where the moving party has raised new arguments in its reply brief. See Hartline v. National Univ., No. 2:14-cv-0635 KJM AC PS, 2015 WL 351813, *7 (E.D. Cal. Jan. 23, 2015) (citing Hill v. England, 2005 WL 3031136, *11 (E.D. Cal. Nov. 8, 2005)). In the present case, defendant states in his reply brief that he did not

1

construe the claim in plaintiff's petition as one based on a warrantless arrest. (Def.'s Reply (ECF No. 27) at 2.) By defendant's own admission, defendant raises new legal arguments in the reply brief. Accordingly, the court finds it appropriate to permit plaintiff to file a sur-reply.

**Motion for Appointment of Counsel**

Plaintiff provides no basis for his request for an attorney besides the fact that he also seeks a hearing on defendant's motion. (See Pl.'s Oppo. (ECF No. 26) at 5; Pl.'s Mot. for Leave to File Sur-reply (ECF No. 28) at 3.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In addition, the court does not typically hold hearings on motions filed in actions in which one party is incarcerated. E.D. Cal. R. 230(l). The court does not find a hearing warranted on defendant's motion to dismiss. Further, the court does not find the required exceptional circumstances justify the court seeking the assistance of counsel for plaintiff in this case.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Leave of Court to File Sur-reply (ECF No. 28) is granted.
   Within twenty days of the date of this order, plaintiff shall file any sur-reply.

////

////

////

2. Plaintiff's Motion for Appointment of Counsel (ECF No. 26) is denied.

Dated: December 13, 2016

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/foss0686.31

3