UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. FOSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TODD ROWEN,<br><br>　　　　Defendant. | No. 2:15-cv-0686 TLN DB P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Before the court is defendant's motion to dismiss this action as untimely, plaintiff's motion for the appointment of counsel, and both parties' requests for judicial notice. For the reasons set forth below, the undersigned denies plaintiff's motion for the appointment of counsel, grants the parties' requests for judicial notice of matters of public record, and recommends dismissal of this action as untimely.

**BACKGROUND**

This case is proceeding on plaintiff's original complaint, filed here on March 26, 2015. (Compl. (ECF No. 1).) Therein, plaintiff alleges that on April 7, 2005, defendant, a police officer with the Redding Police Department, arrested plaintiff without a warrant. Plaintiff also complains that he did not receive a probable cause determination within 48-hours of his arrest as required by state law. Therefore, plaintiff concludes that he was held in unlawful custody for twenty-one

1

days, the time period between his April 7 arrest and his April 28, 2005 probable cause hearing. According to plaintiff, during this time of "unlawful custody," defendant Rowen obtained evidence that was used to charge plaintiff and later used at trial against plaintiff.

Attachments to the complaint include a "Probable Cause Declaration" dated April 7, 2005 and showing T. Rowen as the arresting officer (Ex. A to Compl.), and a Criminal Complaint filed in the Shasta County Superior Court on April 8, 2005 against plaintiff (Ex. B to Compl.). A holding order stating that there was cause to hold plaintiff to answer was signed by a superior court judge on April 28, 2005. (Ex. B to Compl.)  Plaintiff seeks compensatory and punitive damages.

Upon screening, the court found plaintiff appeared to state a cognizable claim for relief under § 1983 and ordered service of the complaint on defendant Rowen. (Oct. 13, 2015 Order (ECF No. 7).)

On January 22, 2016, defendant filed a motion to dismiss the complaint and a request for judicial notice. (ECF No. 15.) Defendant contends plaintiff's action is barred by the statute of limitations. After plaintiff's motion to strike defendant's motion was denied, on November 23, 2016 plaintiff filed an opposition to the motion to dismiss and a motion for the appointment of counsel. (ECF No. 26.) In an accompanying filing, plaintiff seeks judicial notice of correspondence with the Shasta County Sheriff's Office and of the dockets, or portions of the dockets, from habeas corpus actions plaintiff filed in the Shasta County Superior Court, the California Court of Appeal for the Third Appellate District, the California Supreme Court, this court, and the Court of Appeals for the Ninth Circuit, and from a petition for a writ of certiorari plaintiff filed in the United States Supreme Court. (ECF No. 25.)

After defendant filed a reply to his motion, plaintiff sought leave to file a sur-reply. That request was granted. (ECF No. 29.) On January 3, plaintiff filed a sur-reply and another request for judicial notice. (ECF Nos. 30, 31.)

## MOTION TO DISMISS

"[I]t is well-settled that statutes of limitations are affirmative defenses, not pleading requirements." Wyatt v. Terhune, 315 F.3d 1108, 1117–18 (9th Cir. 2003), overruled on other

1  grounds, Albino v. Baca, 747 F.3d 1161 (9th Cir. 2014) (en banc); Fed. R. Civ. P. 8(c) (listing
2  "statute of limitations" among the affirmative defenses that must be plead by a party responding
3  to a pleading). The defendant, therefore, bears the burden of proof as to each element of a statute
4  of limitations based affirmative defense. See Tovar v. U.S.P.S., 3 F.3d 1271, 1284 (9th Cir.
5  1993). A plaintiff is not ordinarily required to plead around affirmative defenses. United States
6  v. McGee, 993 F.2d 184, 187 (9th Cir. 1993). However, a "claim may be dismissed as untimely
7  pursuant to a 12(b)(6) motion '. . . when the running of the statute [of limitations] is apparent on
8  the face of the complaint.'" U.S. ex rel. Air Control Tech., Inc. v. Pre Con Industries, Inc., 720
9  F.3d 1174, 1178 (9th Cir. 2013) (quoting Von Saher v. Norton Simon Museum of Art at
10 Pasadena, 592 F.3d 954, 969 (9th Cir. 2010)); see also Ritchie v. United States, 210 F. Supp. 2d
11 1120, 1123 (N.D. Cal. 2002) ("Where the facts and dates alleged in a complaint demonstrate that
12 the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6)
13 motion should be granted."). Here, defendant argues that plaintiff's § 1983 claim is time-barred
14 based on the allegations of plaintiff's complaint.

15 **I.    Legal Standards**
16     **A.  Rule 12(b)(6) Standards**

17 Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for
18 "failure to state a claim upon which relief can be granted." In considering a motion to dismiss
19 pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in
20 question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most
21 favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of
22 Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a
23 claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions," or
24 "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly,
25 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of
26 action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662,
27 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial
28 plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads

1  factual content that allows the court to draw the reasonable inference that the defendant is liable
2  for the misconduct alleged." Iqbal, 556 U.S. at 678.

3      A motion to dismiss for failure to state a claim should not be granted unless it appears
4  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
5  entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In general, pro se
6  pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner,
7  404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally. Bretz
8  v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal
9  interpretation of a pro se complaint may not supply essential elements of the claim that were not
10 pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  In ruling
11 on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only
12 allegations contained in the pleadings, exhibits attached to the complaint, and matters properly
13 subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899
14 (9th Cir. 2007) (citation and quotation marks omitted).

### B. Standards for Requests for Judicial Notice

16 "A court shall take judicial notice if requested by a party and supplied with the necessary
17 information." Fed. R. Evid. 201(d).  "A judicially noticed fact must be one not subject to
18 reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the
19 trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy
20 cannot reasonably be questioned." Fed. R. Evid. 201(b).  A court may take judicial notice of
21 "matters of public record" pursuant to Federal Rule of Evidence 201 without converting a motion
22 to dismiss into a motion for summary judgment. MGIC Indem. Corp. v. Weisman, 803 F.2d 500,
23 504 (9th Cir. 1986); see also Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

### C. Statute of Limitations for § 1983 Actions

25 Claims brought under 42 U.S.C. § 1983 use the applicable state statute of limitations for
26 personal injury actions. Wallace v. Kato, 549 U.S. 384, 387 (2007).  In California, this statute of
27 limitations is two years. Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d
28 690, 701 n. 3 (9th Cir. 2009); Cal. Civ. Proc. Code § 335.1.

The date a § 1983 action accrues – and the statute of limitations clock starts running – is controlled by federal law. See Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801–02 (9th Cir. 1994)). Claims under § 1983 typically accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (same).

Statutes of limitations may be subject to tolling. For actions under 42 U.S.C. § 1983, the court applies the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law. Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007). Under California law, the statute of limitations is tolled for up to two years where the cause of action accrues while the plaintiff is in prison. See Cal. Civ. P. Code § 352.1.

"Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004) (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363 (2003)). The purpose of California's equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137 (9th Cir. 2001). Equitable tolling under California law is appropriate if there is: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002); Daviton, 241 F.3d at 1137-38; Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983). California's doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993).

////

////

**II.     Analysis**

The parties dispute the date plaintiff's cause of action accrued.  The court need not address that issue.  Even if the court accepts plaintiff's argument that his cause of action based on his arrest, and apparently also based on the use of evidence gathered while he was in "unlawful custody," accrued in October 2006, plaintiff did not file this action in a timely manner.[1]

From the date of accrual, plaintiff had four years to file this suit against defendant Rowen – the two year statute of limitations plus two years of statutory tolling for plaintiff's incarceration. That means the statute of limitations expired in October 2010.  Plaintiff filed this action in 2015.

Plaintiff argues he is entitled to equitable tolling for the time period that he in good faith sought habeas relief, from June 28, 2008 through October 14, 2014.[2]  He is not.  California law is clear that the most important aspect of the equitable tolling doctrine is timely notice to "alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim." Daviton, 241 F.3d at 1138; Collier, 142 Cal.App.3d at 924.  In fact, California cases have held that both claims should name the same defendant in order for tolling to apply. Daviton, 241 F.3d at 1138; Apple Valley Unified Sch. Dist. v. Vavrinek, Trine, Day & Co., 98 Cal. App. 4th 934, 954 (2002); Collier, 142 Cal. App. 3d at 924.

Plaintiff's state and federal habeas corpus actions sought relief from his confinement.  See People v. Villa, 45 Cal. 4th 1063, 1068-69 (2009) (function of state's writ of habeas corpus is to determine the legality of the petitioner's detention); Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011) (purpose of a federal habeas petition is to seek speedier release).  Therefore, plaintiff's

---

[1] Because this court will assume, for purposes of considering defendant's motion, that plaintiff's claims accrued in October 2006, the court need not consider plaintiff's correspondence with Shasta County officials regarding plaintiff's attempts to obtain records.  (See Ex. 1 to Pl.'s Req. for Jud. Notice (ECF No. 25).)  Plaintiff presents that correspondence to the court in support of his argument that his claims accrued in October 2006.

[2] Generally, the question of equitable tolling cannot be decided on a motion to dismiss because the question is too fact-specific and requires examination of matters beyond documents that may be judicially noticed. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995); Cervantes, 5 F.3d at 1276.  Here, however, plaintiff asserts he is entitled to equitable tolling only on the basis of his series of habeas corpus actions in state and federal court.  Because this court may take judicial notice of those proceedings, they may be considered on a motion to dismiss.

habeas actions necessarily named the warden of his place of confinement as the responding party. See Cal. Penal Code § 1477 ("writ must be directed to the person having custody of or restraining the person on whose behalf the application is made"); Rule 2, Rules Governing § 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). The defendant in the present action, Officer Rowen, was not, and could not have been, named as a responding party in those habeas proceedings. That fact alone is sufficient under California law to find plaintiff is not entitled to equitable tolling. But, further, even had Officer Rowen been aware of plaintiff's habeas actions, they did not put him on notice that plaintiff would seek relief in the form of damages against him. See Kamar v. Krolczyk, No. 1:07-CV-0340 AWI TAG, 2008 WL 2880414, at *10-11 (E.D. Cal. July 22, 2008) (no equitable tolling under California law for administrative claim against agency that was not the defendant in the later civil rights action); Apple Valley Unified School Dist., 98 Cal. App. 4th at 956 (no indication that the first suit put defendants in the second suit on notice that plaintiff intended to assert liability against them).

Plaintiff argues that defendant "by virtue of his Claim Preclusion argument," has "admitted that he was alerted to the filing of Plaintiff's Petition." (Sur-reply (ECF No. 30) at 4.) In that argument, defendant simply reiterates plaintiff's statement that the habeas petition contained "factually similar claims" to those raised in this § 1983 case. (See Reply (ECF No. 27) at 3, 5.) Even if defendant now feels the claims are similar, that does not mean he had notice years ago when plaintiff filed his first habeas petition of plaintiff's claims and of the need to prepare to defend himself in a civil action.

The United States Supreme Court has made clear that, absent applicable state tolling provisions, no federal tolling would apply in this situation. In Wallace v. Kato, 549 U.S. 384 (2007), the court considered a plaintiff's § 1983 action for unlawful arrest and custody against police officers filed after the plaintiff had successfully challenged his conviction on these grounds on appeal. The Court held that the statute of limitations commenced to run when the plaintiff appeared before the examining judge and was bound over for trial. 549 U.S. at 391. The Court considered the question of equitable tolling. It found no state (Illinois) law cases "providing

tolling in even remotely comparable circumstances." Id. at 394.  The Court also rejected the suggestion that it adopt a federal tolling rule in this situation.  Because tolling is not determined until the second, civil suit is filed, the defendants would have had no notice that they needed to preserve evidence beyond the normal limitations period.  Id. at 395; see also Kamar, 2008 WL 2880414, at *12 (recognizing the Wallace court's rejection of a federal law basis for equitable tolling).

Similarly, here, plaintiff fails to present, and this court has not found, any California cases permitting tolling in circumstances "even remotely comparable" to those in the present case.  This court finds plaintiff is not entitled to equitable tolling of the applicable statute of limitations.  Plaintiff's action is therefore barred as untimely.

## MOTION FOR APPOINTMENT OF COUNSEL

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Plaintiff simply requests appointment of counsel without attempting to make a showing of exceptional circumstances.  (See Oppo. (ECF No. 26) at 5.)  The court does not independently find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The parties requests for judicial notice (ECF Nos. 15, 25, 31) of matters of public record are granted; and

2. Plaintiff's request for the appointment of counsel (ECF No. 26) is denied.

For the reasons set out above, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 15) be granted and this action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 30, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/foss0686.fr